IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:08-CV-55-FL

| | |
|---|---|
| DARRYL H. WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on motion for attorney's fees filed by plaintiff's counsel, Lawrence Wittenberg, pursuant to 42 U.S.C. § 406(b)(1). Defendant[1] filed a response noting that the amount requested provides an hourly rate that exceeds what other courts have deemed a "windfall" to the attorney. (DE 33). Counsel replied, and this matter is ripe for ruling.

## BACKGROUND

In the underlying litigation, plaintiff challenged the final decision of the Commissioner denying his application for disability benefits and Supplemental Security Income payments. Plaintiff filed a complaint on March 12, 2008, and defendant answered. Plaintiff then filed on September 22, 2008, a motion for judgment on the pleadings accompanied by a memorandum of law in support thereof. Defendant then filed a motion to remand under sentence four of 42 U.S.C. § 405(g), and judgment was entered in plaintiff's favor on October 2, 2008.

On December 23, 2008, plaintiff's counsel filed a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), accompanied by a

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

memorandum and declaration of hours worked. On December 29, 2008, plaintiff's counsel filed an amended motion, memorandum, and amended declaration, in support thereof on December 29, 2008, seeking $3,162.06 in fees plus reimbursement for filing fee expenses of $350.00. On January 12, 2009, defendant filed a proposed consent order for award of $3,000.00 in fees plus reimbursement for filing fee expenses of $350.00. On January 13, 2009, pursuant to the proposed consent order, the court ordered defendant to pay plaintiff $3,000.00 in attorney's fees plus an additional $350.00 for reimbursement of filing fees. (DE 29).

As a result of the remand ordered by this court, plaintiff was awarded past-due benefits in the amount of $77,430.00, and the Commissioner issued a notice of the award dated April 23, 2012. (*See* Mem. Ex. A1). The award notes that $19,357.50, or 25% of the $77,430.00 award, is being withheld by the Commissioner as lawyer's fees, pending approval from the court. Benefits were also awarded to plaintiff's two children, $ 19,616.00 each, in notices of award dated June 22, 2012, and the withholding amount for those awards is not noted on the record. (See Mem. Exs. A2, A3) Accordingly, the total amount of benefits awarded as a result of the remand is $116,662.00.

On July 13, 2012, plaintiff's counsel filed his motion for attorney's fees under 42 U.S.C. § 406(b), seeking to recover, as an attorney fee, 25 percent of the total benefits awarded, or $29,165.50. Counsel asserts, and defendant confirms in its response, that the Commissioner has already awarded counsel $6,000 of that claimed fee amount as payment for time spent administratively. (Mem. 2, Resp. 1). Accordingly, counsel seeks in his motion an award of

2

attorney's fees for work in court of $23,165.50. (Mem. 2). Counsel confirms that he will reimburse plaintiff, upon receipt of additional fee, the EAJA fee already awarded. (Id.).[2]

In support of his motion for attorney's fees, counsel attaches the benefits awards, as well as a declaration which outlines that counsel and another attorney in his law firm have worked 24 hours in this case. (Id. Ex. B). In its response to the motion, defendant does not raise any specific objection to the fee request, but defendant "asks this court to consider whether [the requested] award of § 406(b) fees for $23,165.50 is reasonable." (Resp. 1). Defendant notes that plaintiff's counsel previously submitted a declaration in support of EAJA fees stating that counsel worked 18 hours of time, and that based on that time, the effective hourly rate would be $1,286.97 per hour. (Id. at 1, 4). Defendant notes a Fifth Circuit case in which the court upheld a district court decision to reduce a fee award based upon consideration of effective hourly rates. (Id. at 3-4).

In reply, plaintiff's counsel notes that his amended declaration of time includes additional time spent by another attorney in the law firm, and that plaintiff's counsel and the other attorney spent a total of 24 hours of court time on this matter. (Reply at 1). Plaintiff's counsel notes that defendant has "no objection to the amended Declaration," and notes that the effective hourly rate is $965.23 per hour for 24 hours of court time. (Id.).

## DISCUSSION

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 % of the total of the

---

[2] If an attorney is awarded fees under both section 406(b) and the EAJA, the attorney must "refund[] to the claimant the amount of the smaller fee." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

3

past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C.A. § 406(b)(1)(A). The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in a particular case." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

"[A] reduction in the contingent fee may be appropriate when (1) the fee is out of line with 'the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (quoting Gisbrecht, 535 U.S. at 808). In reviewing the request for fees, a "reviewing court should disallow 'windfalls for lawyers.'" Gisbrecht, 535 U.S. at 808 (quoting Rodriguez v. Bowen, 865 F.2d 739, 747 (6th Cir. 1989)).

Although there is no bright-line test for determining whether a fee will result in a "windfall," this court has considered several factors, including "(1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." Perrigo v. Astrue, 5:08-CV-626-FL, 2012 WL 3903896 *4 (E.D.N.C. May 22, 2012) (quotations omitted); Abernathy v. Astrue, No. 4:08–CV–99–FL, 2011 WL 488657, at *2 (E.D.N.C. Feb. 7, 2011); see Mudd, 418 F.3d at 428 (identifying factors relevant to reasonableness as "the overall

4

complexity of the case, the lawyering skill necessary to handle it effectively, the risks involved, and the significance of the result achieved in the district court.").

In this case, the court finds the fee reasonable based on consideration of all these factors. The fee is in line with the contingency-fee character of the representation and the results achieved, where counsel achieved a successful remand resulting in a substantial award of benefits for plaintiff and plaintiff's children.[3] Counsel did not delay during the pendency of the case in court, and no continuances were requested. While the benefits awarded are very large, there is evidence in the record of significant effort expended by counsel through pleadings which were not boilerplate, and through arguments which involved both real issues of material fact and required legal research. In particular, the memorandum filed in support of judgment on the pleadings is fourteen pages and includes detailed discussion of case law and citation to the record, raising multiple distinct arguments in favor of remand. See DE 18. In addition, counsel evidences efficient handling of this case through experience in representing clients in social security cases. See, e.g., Abernathy, No. 4:08–CV–99–FL, 2011 WL 488657, at *2 (E.D.N.C. Feb. 7, 2011); Perrigo, 5:08-CV-626-FL, 2012 WL 3903896 *1 (E.D.N.C. May 22, 2012).

Defendant invites this court to consider the effective hourly rate that would result from the fee award. See Mem. at 3-4. As indicated, plaintiff's counsel requests that the court award him $23,165.50 for 24 hours of attorney work in this case, resulting in an effective hourly rate of $965.23

---

[3] The court notes that plaintiff's counsel does not attach as an exhibit to the motion any representation agreement executed between plaintiff and counsel. Plaintiff's counsel states, however, in his memorandum in support of the motion, that plaintiff sought counsel's assistance and counsel agreed to represent plaintiff in this matter. In addition, plaintiff's counsel states that he moves for attorneys fees in connection with services rendered to plaintiff before this court, pursuant to the provision of fees not in excess of 25 percent of the total benefits awarded, under 42 U.S.C. § 406(b). In light of these statements, and given that plaintiff sought to proceed in forma pauperis in this case, the court infers that plaintiff and counsel agreed to a contingency fee arrangement in this case.

5

per hour. (Mem. 2; Reply 1). In light of the factors enumerated above that support the fee award here, the court does not find consideration of the effective hourly rate alone determinative of the reasonableness inquiry in this case. Indeed, in Jeter v. Astrue, 622 F.3d 371 (5th Cir. 2010), cited by defendants, the court confirmed that "an excessively high hourly rate alone does not render an otherwise reasonable fee unreasonable," and that consideration of what constitutes a windfall may be based on many factors such as those listed above in the discretion of the district court. 622 F.3d at 382.

In any event, the court finds that effective hourly rate is not so substantially out of line with fee awards in other social security cases in the Fourth Circuit as to amount to a "windfall" here. See, e.g., Mudd, 418 F.3d at 426-27, 428 (upholding the district court's award of $12,231.50 for 16.6 hours of work (effective hourly rate of $736.83)); Perrigo, 5:08-CV-626-FL, 2012 WL 3903896 *2 n.1 & *5 (E.D.N.C. May 22, 2012) (awarding $18,629.25 in fees for 22 hours (effective hourly rate of $846.78)); Claypool v. Barnhart, 294 F. Supp. 2d 829, 833-34 (S.D. W. Va., Oct. 9, 2003) (approving requested award of $18,000.00 for 12.56 hours (effective hourly rate of $1,433.00)); Thompson v. Barnhart, 240 F. Supp. 2d 562, 563, 565-66 (W.D. Va. Jan. 15, 2003) (approving requested award of $9,447.25 for 10.12 hours (effective hourly rate of $933.00)); but see Cooper v. Astrue, 4:09-CV-177-D, 2012 WL 2872446 *3 (E.D.N.C. July 12, 2012) (reducing fee request of $8,988 to $6,875, on basis that effective hourly rate of $359.52 for 25 hours of work is unreasonable, and employing effective hourly rate of $275).

In sum, the court finds reasonable the $23,165.50 fees requested in this case. Accordingly, plaintiff's counsel will be awarded fees in this amount where they fall under the statutory maximum of 25 % of the total benefits awarded, pursuant to 42 U.S.C. § 406(b).

With respect to return of EAJA fees, as noted above, if an attorney is awarded fees under both section 406(b) and the EAJA, the attorney must "refund[] to the claimant the amount of the smaller fee." Gisbrecht, 535 U.S. at 807. In this case, the record reflects that counsel was awarded $3,000.00 in attorney's fees under the EAJA, pursuant to order entered January 13, 2009. (DE 29). Without explanation or citation to the record, counsel in his present brief represents that he was "awarded $1,072.52" in EAJA fees. (Mem. at 2). Where counsel's statement conflicts with the information in the record, the court will direct counsel to refund to plaintiff $3,000.00, as EAJA fees previously awarded, as per the record in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's counsel's motion (DE 31) for approval of attorney's fees is ALLOWED in the full amount requested of $23,165.50. The Commissioner shall release to plaintiff's counsel the sum of $23,165.50 to counsel as attorney's fees for services rendered before this court. Counsel shall refund to plaintiff $3,000.00, the amount awarded pursuant to EAJA.

SO ORDERED, this the 26th day of April, 2013.

LOUISE W. FLANAGAN
United States District Judge

7

Case 5:08-cv-00055-FL Document 35 Filed 04/29/13 Page 7 of 7